IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samuel A. Wilder, | C/A No. 2:19-1419-CMC |
| Petitioner, | |
| v. | |
| Charles Williams, Warden, | **Opinion and Order** |
| Respondent. | |

This matter is before the court on Petitioner's May 15, 2019 *pro se* petition filed in this court pursuant to 28 U.S.C. §2254, challenging his convictions in state court; specifically, he complains a motion for new trial he filed in 2006 has not been decided. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On May 28, 2019, the Magistrate Judge issued a Report recommending this matter be dismissed as successive. ECF No. 6. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections on June 19, 2019. ECF No. 10.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court

reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Petitioner objects to the Report, requesting the court "stop the Due Process violation that has occurred over the years and is occurring right now, and will continue if this Court don't act." ECF No. 10 at 1 (errors in original). Petitioner argues he will have no way to "attack his conviction or sentenced [sic]" if this court does not act. *Id.* at 2.

The court is unable to act on this Petition as filed, because it is successive and unauthorized. In fact, it appears Petitioner filed a Motion under 28 U.S.C. § 2244 in the Fourth Circuit, seeking permission to file a § 2254 motion in this court regarding the state court's failure to act on his motion for new trial. That motion was denied by the Fourth Circuit.[1] *See* No. 16-528 at ECF No. 4 (4th Cir. May 31, 2016).

Prior to filing a second or successive petition under § 2254, Petitioner must *obtain authorization* by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. This he has failed to do. Therefore, this petition is successive in nature and the court is without jurisdiction to consider it. Accordingly, after *de novo* review, the court adopts

---

[1] The court may take judicial notice of matters of public record. *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

and incorporates the Report and Recommendation by reference into this Order. This matter is dismissed without prejudice and without requiring Respondent to file a return.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 24, 2019